**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**CHEVERLY YULAINE GORDON**,

     Plaintiff,

v.

Civil Action No. 5:13-CV-18 (HL)

**YMCA ECDC OF ATLANTA**,

     Defendant.

**ORDER**

On January 16, 2013, Plaintiff filed a lawsuit claiming that she had been discriminated against in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1). Upon review of the complaint and attached documents, the Court needs additional information from Plaintiff in order to determine if venue is appropriate in this district and division.

A Title VII action:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff has named YMCA ECDC of Atlanta as the defendant. Plaintiff lists YMCA ECDC's address as 100 Edgewood Avenue, Suite 1230, Atlanta, Georgia 30303. In the complaint, however, Plaintiff states that the alleged illegal activity took place at Morgan County Headstart, located at 864 Garnett Street, Madison, Georgia 30650. But in the charge

of discrimination filed with the EEOC, Plaintiff states that the discriminating party is Early

Childhood Development Co. LLC, 100 Edgewood Avenue, Eatonton, Georgia 31024.

At this point, the Court is left to guess whether the case should be in the Middle District

or Northern District, or in the Macon Division or the Athens Division. Thus Plaintiff is ordered

to provide the Court with the following information to the best of her knowledge:

1.      The city and county where the unlawful employment practice was committed;

2.      The city and county where any employment records relating to Plaintiff's

employment are kept; and

3.      The city and county where Plaintiff would have worked but for the unlawful

employment practice.

Plaintiff should answer these three questions in writing and submit them to the Court

no later than February 8, 2013.

The Court will defer ruling on Plaintiff's Motion for Leave to Proceed In Forma Pauperis

(Doc. 2).

The Clerk of Court is directed to serve Plaintiff with a copy of this Order at the address

on file. If Plaintiff fails to timely respond to this Order, her complaint will be dismissed without

prejudice.

**SO ORDERED**, this the 18th day of January, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

2